## COURT OF APPEALS, (E. S.) JUNE TERM, 1821.

### ANDERSON *vs.* THE STATE.

A defendant a-        ERROR to *Dorchester* county court to remove the pro-
gainst whom a
judgment has been ceedings in a  criminal  prosecution against the plaintiff in
rendered for a mis-
demeanor,  is  *ex* error for misdemeanors.
*debito justitiæ* en-
titled to prosecute     The cause was argued at this term before BUCHANAN,
a writ of error
Does such writ, EARLE,  JOHNSON, and DORSEY, J. by
during its penden-
cy,   work  a sus-
pension of execu-     *R. N. Martin*, for the plaintiff in error; and
tion on the judg-
ment?
Can a bill of ex-     *J. Bayly*, (district attorney of the fourth judicial dis-
ceptions be taken
in a criminal pro-
secution for a mis- trict,) *contra*.
demeanor?
The refusal of
an inferior court     DORSEY, J. delivered the court's opinion.    The plaintiff
to  grant a  new
trial cannot be as- in error was convicted in *Dorchester* county court of mis-
signed for error.
demeanors under the act of 1809, *ch.* 138, *s.* 4, *art.* 10, and
sentenced to undergo a confinement in the Penitentiary for
the term of five years.    Upon this judgment he sued out a
writ of error, by which the transcript of the record was
removed to this court.    The court do not hesitate to say,
that a defendant, against whom a judgment has been ren-
dered for a misdemeanor, is  *ex debito justitiæ*, entitled to
prosecute a writ of error, and that this court are bound to
correct any errors which  may  appear in the record.    We
wish not to be understood as meaning to convey an opinion
that a writ of error, during its pendency,  works a suspen-
sion of execution on the judgment*(a)*.    Upon an examina-
tion of the record it appears, that the counsel for the tra-
verser after his conviction, applied to the court below for a

*(a)Huguenin vs. Baseley,* 15 *Ves.* 180.

new trial, on the ground that they had misdirected the jury in matters of law, and the motion, which was reduced to writing, not only suggests the facts, but the opinion of the court as declared to the jury. Whether the traverser could, in the progress of the trial, have excepted to the opinion of the court, which was afterwards made the foundation of the motion for a new trial, is not the question now before the court; and we certainly do not mean to decide, whether a bill of exceptions can be taken in a criminal prosecution for a misdemeanor. But we are decidedly of opinion, that the refusal of an inferior court to grant a new trial cannot be assigned for error. *The Marine Insurance Company vs. Hodgson*, 6 *Cranch*, 218. The law has been considered as settled in this country beyond all controversy; and no case can be found in *England* where a superior tribunal, acting on the transcript of the record, or the record itself, brought before them by a writ of error, has entertained such a question. If the plaintiff in error had a right to except to the opinion which the court below declared to the jury, he ought to have done so at the trial. If the law has denied to him this privilege, the decision of the county court must be considered as final.

JUDGMENT AFFIRMED.