STATE *vs.* JOHN, *alias* JACK DENT.—*December*, 1830.

In an indictment for an assault with intent to murder, it is not necessary to state the instrument, or means made use of by the assailant, to effectuate the murderous intent.

The means of effecting the criminal intent or the circumstances evincive of the design with which the act was done, are considered to be matters of evidence for the jury to demonstrate the intent, and not necessary to be incorporated in an indictment.

Error to the *City Court* of *Baltimore.*

The defendant in error, was tried on the following indictment, in *Baltimore City Court*, at *June* term, 1830.

" State of *Maryland*, City of *Baltimore*, to wit:

The jurors of the State of *Maryland*, for the body of the city of *Baltimore*, do upon their oaths present, that *John Dent*, late of the city aforesaid, negro, otherwise called *Jack Dent*, on the 15th day of April, 1830, with force and arms, at the city aforesaid, in and upon one *Joseph Daiger*, then and there being one of the constables of the city of *Baltimore*, and in the execution of his the said *Joseph's* duty as such, and in the peace of *God*, and of the said State, then and there being, did make an assault, with the intent him the said *Joseph Daiger*, then and there feloniously, wilfully, and of his malice aforethought to murder, contrary to the form of the act of assembly in such case made and provided, and against, &c."

The second *count* was for a common assault and battery.

The defendant pleaded not guilty, and there was a general verdict of guilty, upon both counts of the indictment, when a motion was made in arrest of the judgment.

1st. Because, " the averment that *Daiger* was in the due execution of his office, is not made with *time* and *place*."

2d. " The means with which the assault was made, to carry into effect the intent, are not stated."

The *City Court* pronounced the following judgment:

" The *first* reason is not supported. On examination of the indictment it will be found, that the time and place in both counts, are correctly averred. The motion on this ground, is therefore overruled.

The *second* reason, we think, is well founded. The act of assembly does not affect the form of the indictment, or the evidence necessary to support it, but leaves both as at common law, only changing the nature of the punishment. The offence is still a misdemeanor. The only question therefore, is, whether the means or instrument by which the intention was to be effected, ought to have been stated in the indictment. And we think they ought to have been. In ordinary cases of assault, the means, or instrument of inflicting the injury, are mere matters of aggravation, and therefore may be inserted or omitted, without detriment. But it is otherwise, where the assault is accompanied by an intention to commit murder. In that case, the means or instrument used, are material and necessary in the description of the offence, as they indicate the malicious intention of the party, and must therefore be stated as well in this case, as where the crime has been consummated; and for this plain reason, amongst others, because in both, the adequacy of the means, as well as their use must be proved before the party can be convicted, and no evidence should be received of them, unless they are stated in the indictment. It will be found on recurrence to *Chitty*, *Starkie*, and *Archbold*, that all the precedents of indictments at common law, for offences of this kind, are in conformity to this opinion. The court therefore *arrest* the judgment on the *first count*, but direct the clerk to enter it upon the *second.*"

The present writ of error, was thereupon prosecuted by the State.

The case was argued before Buchanan, Ch. J., and Earle, Stephen, and Dorsey, J.

*Taney*, (Attorney General,) and *Gill*, for the State, contended, that an indictment for an assault with intent to murder, under the act of 1809, *ch.* 138, is sufficiently certain, which charges the assault to have been made with that intent. That in such case neither the special manner of the

assault, nor the circumstances from which the particular intent, may be inferred, need be stated.

They referred to the act of 1809, *ch.* 138, *sec.* 4. 3 *Chitty's Cri. Law*, 569, 591. *State vs. Cassel*, 2 *Harr. and Gill*, 410. 1 *East. Cr. Law*, 411. 3 *Johns. Rep.* 511. 1 *Stark. on Plead.* 98, 102.

No counsel argued for the defendant in error.

STEPHEN, J., delivered the opinion of the Court.

This case comes up on a writ of error to *Baltimore* City Court, and the sole question which it presents for the decision of this court is, whether according to the principles of criminal pleading, it is necessary in an indictment for an assault with intent to murder, to state in the indictment, the instrument, or means made use of to effectuate the murderous intent. It is incontrovertibly true, that the main object of all pleadings, both civil and criminal, is to apprise the party charged, of the nature of the case, to which he is called upon to respond, so that he may not be taken by surprise, and that he may come prepared to defend himself against the allegations of the opposite party. But we do not think that the principles of criminal jurisprudence require in this case, any thing more than that the offence should be charged in the language of the statute by which it is created. The indictment in this case, is founded upon the act of 1809, commonly called the penitentiary law— the offence as defined, and prohibited by that law is an assault with intent to murder. This is the character given to the assault charged in this indictment. It is averred that it was committed with intent to murder, and such averment we consider to be a full compliance with the requisitions of the law. The means of effecting the criminal intent, or the circumstances evincive of the *quo animo*, with which the act was done, are considered to be more properly, matters of evidence for the jury, to demonstrate the intent, than proper to be incorporated into the indictment; because that intent may be proved or illustrated by such a variety

of circumstances, as it would be very inconvenient, at all times, to embody in the indictment, or place upon the record; and if the means adopted, are necessary to be stated, it would seem to follow as a necessary consequence, that all the means, however multifarious, should be explicitly averred. Sir *Matthew Hale* observes 2 *P. C.* 193, "That in favor of life, great strictnesses have been in all times required, in points of indictments; and the truth is, that it is grown to be a blemish and inconvenience in the law, and the administration thereof. More offenders escape by the over easy ear given to exceptions in indictments, than by their own innocence; and many times gross murders, burglaries, robberies, and other heinous and crying offences, escape by these unseemly niceties, to the reproach of the law, to the shame of the government, and to the encouragement of villainy, and to the dishonor of *God;* and it were very fit, that by some law, this overgrown curiosity and nicety, were reformed, which is now become the disease of the law, and will, I fear, in time, grow mortal, without some timely remedy." It must be admitted, that there is much good sense in the above remarks, which are entitled to great weight, when it is considered that they proceeded from one of the most enlightened, humane, and christian judges, that ever graced or adorned the bench of *British* justice. That it is sufficient to charge the offence in the words of the prohibitory statute, will be found in 2d *Burr.* 1036, where the court says, "It is enough for the prosecutor to bring the case within the general purview of the statute upon which the indictment is founded, if that statute has general prohibitory words in it; for where an indictment is brought upon a statute which has general prohibitory words in it, it is sufficient to charge the offence generally, in the words of the statute."

In 3d *Johns. N. Y. Rep.* 511, the same principle is recognized, and affirmed when the court says, "The intent to commit

murder, was here charged in the words of the statute, and we think that was sufficient."

This indictment is for an assault and battery, and the *quo animo* was to be collected from the circumstances. It was enough to state with the usual precision, the facts requisite to constitute an assault and battery, and to aver the intent with which it was made. This intent might have been inferred, and proved from the declarations of the defendant, previous to the assault. The indictment required no other *facts*, than were necessary to establish an assault and battery. The crime charged, was after all, but a misdemeanor. It was not a felony, though the intent was to commit one. The same principle has been affirmed and established by this court, in the case of the *State vs. Cassel*, 2 *Harr. and Gill*, 407. Upon the whole, we think, that the facts and circumstances evincive of the murderous intent, are matters of evidence, to be submitted to the jury, and are not necessary to be charged in the indictment.

The judgment of *Baltimore* City Court is therefore reversed.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.