# FRANK SMITH et al. *vs.* THE STATE OF MARYLAND.

*Indictment for burglary with explosives—Severance.*

When two or more persons are indicted for a burglary committed by them jointly, the granting or refusing of a motion to sever in the trial is a matter within the discretion of the trial court.

An indictment for burglary with explosives is sufficient when it substantially charges the offence in the language of the statute creating it.

The Act of 1896, ch. 476, providing that any person who breaks and enters any building and opens or attempts to open any safe by the use of dynamite or any other explosive, shall be guilty of burglary with explosives, and subject to the designated penalty, does not create an entirely new offence but imposed a greater punishment for a burglary with explosives than for the common law burglary. The statue is valid.

*Decided April 24th, 1907.*

Appeal from the Circuit Court for Wicomico County (HOLLAND, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*Elmer H. Walton* (with whom was *John H. Handy* on the brief) for Matthews and Hawkins appellants.

*Ellegood, Freeny & Wailes* filed a brief for Smith and Taylor, appellants.

*William S. Bryan, Jr., Attorney General,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellants, in this case, were indicted, with one John Avery, on the 25th day of September, 1906, in the Circuit Court for Wicomico County, for a violation of the Act of 1906, ch. 476.

This Act provides, "that any person who breaks and enters, either by day or by night, any building, whether inhabited or not and opens or attempts to open any vault, safe, or other secure place, by use of nitroglycerine, dynamite, gunpowder or any other explosive shall be deemed guilty of burglary, with explosives. And any person duly convicted of burglary with explosives, shall be sentenced to the penitentiary in the discretion of the Court, for a period of not more than twenty years."

The indictment consisted of two counts. A demurrer was interposed to each count, and was overruled by the Court below. The appellants then moved to sever, and this motion was also overruled. A motion was then made to quash each count of the indictment and was overruled as to the first count, but granted as to the second and the second count was quashed.

The first count, upon which the appellants were tried charged, that on the seventeenth day of May, in the year 1906, in the night time of the same day, at Wicomico County, a certain building towit, the depot in the town of Salisbury of the Baltimore, Chesapeake and Atlantic Railway Company, a body corporate of the State of Maryland, feloniously and burglariously did break and enter and did attempt to open and did open a certain vault, safe, and other secure place in the depot by the use of nitroglycerine, dynamite, gunpowder and other explosives, with intent certain moneys, goods and chattels in the vault, safe and other secure place in the depot, then and there being, then and there feloniously to steal, take and carry away, &c.

According to the record, John Avery, upon arraignment, pleaded guilty, and the four appellants pleaded not guilty. Upon trial, they were convicted, upon the first count of the indictment, and each sentenced to be confined in the penitentiary for fifteen years. And this appeal, is from the judgment, so rendered against the appellants.

It will be unnecessary for us to consider the second count of the indictment, as this count was quashed, and the appellants were tried on the first count.

As to the motions to sever, we need only say, that the granting or refusing such motions is entirely within the discretion of the trial Court, under all the circumstances of the case. *Arch. Crim. Prac. & Pleading,* 304; 1 *Chitty Crim. Law,* 268; *U. S.* v. *Marchant,* 12 Wheat. 479; *St. Clair* v. *U. S.,* 154 U. S. 134.

It is however, contended upon the part of the appellants, that the Court below, committed an error in overruling the demurrer and in refusing to grant the motion to quash the first count of the indictment.

The objection consists, as alleged by the appellants, First; because the indictment does not charge the offense in the language of the statute and second, because the Act of 1906, ch. 476, is void, in that it neither creates a new offense nor modifies an offense at common law.

It is well settled as a general rule that in an indictment for an offense created by statute it is sufficient to describe the offense in the words of the statute. *Mincher* v. *State,* 66 Md. 227.

The indictment in this case, we think, follows this rule, and the objection urged by the appellants, is not a valid one and cannot be sustained.

The offence set out in the Act of 1906, Chapter 476, is "burglary with explosives," and the indictment charges that the traversers, on the seventeenth day of May, in the year of our Lord, nineteen hundred and six, in the night time of the same day at Wicomico County, a certain building, to wit, the depot in the town of Salisbury of the Baltimore, Chesapeake and Atlantic Railway Company, a body corporate of the State of Maryland, feloniously and burglariously did break and enter and did attempt to open and did open a certain vault, safe and other secure place in said depot by the use of nitro-glycerine, dynamite, gunpowder and other explosives, with intent certain moneys, goods and chattels in said vault, safe and other secure place in said depot then and there being, then and there feloniously to steal, take and carry away, contrary to the form of the Act of Assembly in such case made

and provided and against the peace, government and dignity of the State.

This count of the indictment, substantially charged the offence in the words of the statute and must be held to be sufficient.

As to the second objection, viz, that the Act of 1906, is void and defective, little need be said. The language of the Act is too plain to admit of any serious difficulty as to its meaning and is free from all constitutional objection.

The crime of burglary being a felony it was necessary to charge in the indictment that the appellants feloniously and burglariously broke and entered &c., &c.

The legislative intent in passing the Act of 1906, Chapter 476, was not to create an entirely new offence, but it was to impose a maximum penalty of twenty years in the penitentiary, if convicted of "burglary with explosives," as provided by the statute instead of ten years as prescribed by existing statute, for the crime of burglary.

In other words, the object and purpose of the Act of 1906, was to impose a fixed and larger penalty "for burglary with explosives," than ten years in the penitentiary. So construed, the statute is reasonable, and the legislative intent made clear.

Finding no error in the rulings of the Court, the judgment will be affirmed, on both appeals.

*Judgment affirmed with costs.*