This is the second appeal in this case.* The suit was brought under the Carmack Amendment[8224], to the Interstate Commerce Act of 1887[8225], against the initial carrier to recover loss on a carload of strawberries alleged to have been caused by the failure of the defendant, or its connecting lines, to transport, forward or deliver the same with reasonable dispatch.
In the former appeal the main question arose on the provision of the bill of lading which required claims for loss, damage or delay to be made in writing to the carrier within four months after delivery of the property, etc., and provided that unless claims "are so made the carrier shall not be liable."
The proof in the case was that the shipment was made on the 26th of May, 1910, and that the claim of loss was prepared at the office of the plaintiff company on July 2nd following, but, this Court said, "there was no evidence as to when it was transmitted to the defendant." The officer of *Page 108 
the plaintiff who made up the claim said it was sent to the traffic manager of the defendant, but that he could not recollect when it was forwarded. "After the claim had been investigated by the defendant it was returned to the plaintiff in a letter dated January 4th, 1911, written by the traffic manager, denying liability on the ground that the delivery of the berries was found to have been made in due time." At the close of the case the plaintiff offered a prayer to the effect that even if the jury should find from the evidence that the plaintiff did not make a claim to the defendant for the loss within four months after the delivery of the strawberries, yet if they should find that the plaintiff did give notice in writing to the traffic manager of the defendant, and that he wrote to the plaintiff the letter of January 4th, 1911, declining to pay the claim for the reasons therein stated, that that was evidence from which the jury might find that the defendant had waived its right to rely upon the failure of the plaintiff to make the claim within the four months provided in the bill of lading. The lower Court rejected that prayer and the other prayers of the plaintiff, and granted the prayer of the defendant withdrawing the case from the jury. In reference to that ruling this Court, after quoting the statement in M. M. Trans. Co. v. Eichberg, 109 Md. 211: "As regards the stipulation in the bill of lading requiring any claims for loss or damage to be made in writing within thirty days after delivery of the property, we think that such stipulation was waived by the carrier, whose agent with full knowledge raised an objection to the claim on that ground," said: "The present case is in precisely the same situation in this respect, and we could not apply a different rule consistently with the former decision. * * * But if it be assumed that the claim was not transmitted until after the four months' period had expired, it is clear that this limitation could be waived, and that the defendant's conduct as shown by the record may be regarded as having had that effect. * * * Where it appears that the limitation has been waived, there can be *Page 109 
no reason for attempting to show also that it was duly observed. The proof of waiver obviates the necessity of proving compliance. * * * There was error, therefore, in the rejection of the (plaintiff's) prayer and the withdrawal of the case from the jury." The judgment in favor of the defendant was accordingly reversed and a new trial awarded.
The record of the second trial and of the present appeal from a judgment in favor of the defendant contains three exceptions to the rulings of the Court below on the evidence, and a fourth exception to the overruling of the plaintiff's motion for a new trial.
It appears from the record that the strawberries were shipped on the evening of May 26th, and delivered to the consignee on the morning of the 28th of May, 1910. The plaintiff called W.C. Cullen, the president, treasurer and general manager of the plaintiff, who testified that the plaintiff's claim for loss was made out in July, 1910, and was sent to R.B. Cooke, traffic manager of the defendant, at Norfolk, Virginia, but that he did not know when it was mailed to him; that he received a letter from Mr. Cooke, which was read to the jury, dated January 4th, 1911, returning the claim, and stating that as the carload of strawberries was delivered at 5:55 A.M. on May 28th, the defendant would not pay the claim. Counsel for the defendant required the plaintiff to produce the claim sent to the traffic manager and returned by him to the plaintiff with the letter of January 4th, and when it was produced it bore the impression of a rubber stamp containing the following memorandum: "N.Y.P. 
N.R.R. Co., received Oct. 28th, 1910. Traffic Manager, Norfolk, Va." On cross-examination the witness stated that he did not put the memorandum on the claim, but that it was on the claim when it was returned to the plaintiff by Mr. Cooke. The defendant offered the claim and memorandum in evidence. The plaintiff objected to the admission of the memorandum, and the first exception is to the ruling of the Court permitting the claim and the memorandum to be read to the jury. *Page 110 
The second exception is to the admission in evidence over the objection of the plaintiff of certified copies of the tariffs of the defendant filed with the Interstate Commerce Commission, which were offered for the purpose of showing that the plaintiff by using the form of bill of lading used in this case obtained a lower rate "than he would have been required to pay, had he shipped under the Carrier's Common Law Liability."
Charles E. White, a witness for the defendant, testified that he was chief claim clerk for the defendant, and that the claim of the plaintiff was first received on the 28th of October, 1910; that claims are stamped as soon as they are received at the office. He was then asked if he could say when the "stamp" was put on the plaintiff's claim. The plaintiff objected to the question, but the Court permitted him to answer it, and he said it was "put on there October 28th, 1910." He further testified that he had a record of the claim, and that he could testify from the record when the claim was received; that as soon as he received the claim he sent it to the agent at Costen, and as soon as the agent returned it to the witness he sent it to the superintendent, and that he sent the claim of the plaintiff to the superintendent on October 31st, 1910. The witness did not see the claim stamped, and the entries in the book from which he testified were not in his handwriting. The third exception is as follows: "The testimony of Mr. White as to who put the rubber stamp on the notice or claim or when it was put on, and the offer of the contents of the said rubber stamp to the jury and also the entry on the Claim Book of the date of receiving the notice of the claim were objected to by the plaintiff, but the Court overruled the objection and permitted the same to go to the jury, to which ruling the plaintiff excepted and prays to sign and seal this its third bill of exception, which is accordingly done," etc.
At the close of the case the Court granted the plaintiff's prayers and rejected all of the defendant's prayers. By the plaintiff's first prayer the jury were instructed that if they *Page 111 
should find from the evidence that the plaintiff delivered to the defendant on the 26th of May, 1910, a carload of strawberries in good condition, consigned to Rathgeber-Day Company, at Newark, New Jersey, and that the defendant received the berries to be transported over its line and connecting lines to the consignee, and issued therefor the bill of lading offered in evidence, and that if they should further find that the defendant or its connecting lines did not use due care and diligence in forwarding and delivering said berries, and that by reason thereof the berries arrived at their destination too late for the market of the day on which they would have arrived if they had been transported with due care and diligence, and that the plaintiff thereby sustained a loss, the verdict should be for the plaintiff, and that they might "embrace in their verdict any loss which they may find to have been sustained by the plaintiff from the decline in the market value between the time when said berries could have been sold if they had been transported with due dispatch, and the time when they were actually sold not to exceed the shipping or market value at the place or point of shipment in this case." By the plaintiff's third prayer the jury were told that notwithstanding they should find that the plaintiff did not make its claim within the four months provided in the bill of lading, yet if they should find that the traffic manager of the defendant wrote the letter to the plaintiff of January 4th, 1911, declining to pay the claim for the reasons therein stated, that was evidence from which they could find that the defendant had waived its right to rely on the plaintiff's failure to make the claim within the time specified.
The first exception is the only one in the three exceptions mentioned pressed by the defendant in this Court, and it is apparent that the plaintiff could not have been injured by either of the rulings referred to. In the briefs of the appellant and appellee considerable space is given to the discussion of the question whether the bill of lading imposed upon the plaintiff the burden of showing that the claim was made within the time specified, as a necessary part of its case. The *Page 112 
appellant contends that the failure of the plaintiff to comply with this requirement of the bill of lading should have been presented by a plea, and established by the defendant, while the appellee insists that under the rule in this State the burden was on the plaintiff to show compliance with the provision, and, further, that under the recent decision of the Supreme Court of the United States, the terms of the bill of lading can not be waived by the defendant. (B.C. A.R.R. Co. v. Sperber,117 Md. 595; Georgia F. A. Ry. v. Blish Co., 241 U.S. 190). We are not required in this case to consider either of these contentions. The sole question with which we are here concerned is whether the plaintiff was prejudiced by the rulings complained of, even if it be assumed that they were erroneous. It is conceded that the traffic manager of the defendant wrote the letter of January 4th, 1911. In the plaintiff's first prayer the jury were in effect instructed that the plaintiff was entitled to recover without regard to the time within which the claim was made, and in its third prayer they were told that they could find from the letter that the defendant had waived the requirement of the bill of lading. In its first prayer the plaintiff got the benefit of its contentions, and the question as to when the claim was made was entirely eliminated, and in its third prayer the plaintiff was granted the instruction asked for in regard to the effect of the letter of January 4th, 1911. Under such circumstances the plaintiff could not have been prejudiced by the rulings referred to, and is not, therefore, in a position to demand a reversal of the judgment because of any error in those rulings. We may add that the third exception is not in accord with the approved practice in this State. Each of the rulings therein referred to should have been made the subject of a separate exception. Junkins v. Sullivan, 110 Md. 539; Cit.Mut. F.I. Co. v. Conowingo B. Co., 116 Md. 422; Harris v.Hipsley, 122 Md. 418.
The fourth exception is, as we have said, to the action of the Court below in overruling the plaintiff's motion for a new trial. This Court has repeatedly said, "That the action of *Page 113 
the trial Court in overruling the motion for a new trial is not subject to review in this Court," and that no appeal lies to this Court from such a ruling. Dutton v. State, 123 Md. 378;Patterson v. Baltimore, 127 Md. 242. The appellant relies upon section 22 of Article 5 of the Code of 1912, which authorizes this Court, where a judgment is reversed or affirmed, and it appears to the Court that a new trial ought to be had, to award a new trial. That section however does not authorize this Court to review the ruling of the trial Court on a motion for a new trial, and only applies where this Court, after passing upon rulings of the Court below properly before it, reverses or affirms the judgment, and it appears that a new trial ought to be had. It appears from the record that the only reason assigned for a new trial in the motion filed in the Court below was, "Because of error in the instructions of the Court." The only instructions granted were those asked for by the plaintiff, and the case has been twice tried on its merits. Under such circumstances we would not be disposed to award a new trial, even if the ruling of the Court below on the motion was a proper subject of review by this Court.
We must therefore affirm the judgment.
Judgment affirmed, with costs.
* s.c. 122 Md. 232.
[8224] Act of 1906; 34 Stat. at Large, 584, Ch. 3591, U.S. Comp. Stat. Supp. 911, p. 1288.
[8225] 24 Stat. at Large, 379. *Page 114