PETER BOSCO *v.* STATE OF MARYLAND.

[No. 19, April Term, 1929.]

*Decided May 23rd, 1929.*

408

[redacted]

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*John Wood, Jr.*, with whom were *Edward O. Weant* and *Joseph D. Brooks* on the brief, for the appellant.

*Robert H. Archer, Assistant Attorney General*, with whom were *Thomas H. Robinson, Attorney General*, and *Theodore F. Brown, State's Attorney for Carroll County*, on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

Peter Bosco, the appellant, was indicted for an attempt to bribe a justice of the peace, was tried, and convicted, and sentenced.

This appeal is from that judgment. The appeal brings up the rulings of the trial court in overruling a demurrer to the indictment, in overruling a motion for a new trial, and in overruling a motion to strike out the judgment and sentence; and rulings on the admissibility of testimony.

The indictment was found under article 27, section 31, of the Code, and was as follows:

"State of Maryland, Carroll County, to wit:

"The grand jurors of the State of Maryland, for the body of Carroll County, do on their oaths and affirmations present that Peter Bosco, late of said county, on the second day of October, in the year of our Lord one thousand nine hundred and twenty-eight, at Carroll County, aforesaid, did unlawfully, wilfully and corruptly offer to give George E. Benson, who was then and there a justice of the peace of the State of Maryland, in and for Carroll County, having criminal jurisdiction, a certain envelope containing money

in an attempt to bribe the said George E. Benson, justice of the peace as aforesaid, to influence the said George E. Benson, justice of the peace as aforesaid, to decide in his favor a certain prosecution then pending before the said George E. Benson, justice of the peace as aforesaid, against the said Peter Bosco on a charge of unlawfully selling intoxicating liquors within Carroll County contrary to the form of the statute in such case made and provided and against the peace, government and dignity of the State.

> "Theo. F. Brown
> "The State's Attorney
> for Carroll County."

The principle contended for by appellant in support of his demurrer, as stated in his brief, is, that "where the statute which punishes an offense does not set forth all the elements necessary to constitute the offense, an indictment laid in the mere words of the statute is not sufficient in law; it must charge all the elements of the offense." It is urged that knowledge on the part of the defendant of the official character of him to whom the bribe is offered is an essential element of the crime of bribery, and that the indictment in this case does not allege such knowledge and consequently is fatally defective.

The indictment is laid in the language of the statute. Whatever may have been decided elsewhere, it would seem that in this state it is not open to question that a statutory offense is sufficiently charged if the indictment is laid in the language of the statute. *State v. Dent,* 3 G. & J. 11; *Parkinson v. State,* 14 Md. 198; *Cearfoss v. State,* 42 Md. 403; *Mincher v. State,* 66 Md. 227; *Smith v. State,* 106 Md. 39; *Curry v. State,* 117 Md. 587; *Keller v. State,* 122 Md. 677; *State v. Edwards,* 124 Md. 592; *Armacost v. State,* 133 Md. 289; *State v. Jenkins,* 124 Md. 376; *Mulkern v. State,* 127 Md. 41; *Benesch v. State,* 129 Md. 505; *Smith v. State,* 130 Md. 482; *Foxwell v. State,* 146 Md. 90.

Of course the particular act which constitutes the crime must be so described as to inform the accused of what he is

called upon to defend, and must be identified with sufficient accuracy to protect him against future prosecution for the same offense. The distinction between the description of the particular act and its characterization as a crime is clearly stated in *Armacost v. State, supra.*

We do not understand that it is intended here that there is any lack of clarity in the description of the particular act—but it is urged that, as charged, it does not constitute a crime, because of the lack of a sufficient allegation of *scienter.* Even where such allegation is necessary, it need not be an express allegation. It is sufficient if it is necessarily implied from a statement of the acts which constitute the offense. 9 *C. J.*, page 411, and cases there cited; *Wharton, Crim. Pl. & Pr.*, sec. 164.

The language of the indictment here, in our opinion, necessarily imparts knowledge on the part of appellant that George E. Benson was a justice of the peace. The demurrer was properly overruled.

It is well settled that no appeal lies from the action of the trial court in overruling a motion for a new trial. *Archer v. State,* 45 Md. 460; *Miller v. State,* 135 Md. 379; *Myers v. State,* 137 Md. 482.

The motion to strike out the judgment and sentence was based on no other grounds than those argued on the demurrer and on the motion for a new trial. In so far as they were present on the motion for a new trial, the ruling of the trial court in respect thereto in the second motion should not be disturbed unless the discretion of the court was abused, and of this we find no indication in the record. *Miller v. State, supra; Myers v. State, supra; Margulies v. State,* 153 Md. 204. As to questions raised by the demurrer, they need not be considered again in connection with the motion to strike out.

The second of the bills of exception was abandoned by appellant. We find no reversible error in the rulings involved in the other two. In the first, the justice of the peace was asked (referring to the case in connection with which the alleged attempt at bribery occurred): "What happened to

the case ?" We can see nothing prejudicial to the accused in the answer of the witness that the accused gave his personal recognizance to appear at the next term of court.

As to the third, we understand that the objection was based on the theory that the indictment was bad and for that reason the question should not have been permitted. The objection falls with our ruling on the demurrer.

*Judgment affirmed.*