# MILTON F. KIRSNER *v.* STATE OF MARYLAND

[No. 132, September Term, 1982.]

*Decided August 16, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Donald T. A. Fair,* with whom were *Fair, Vidali & Evering* on the brief, for appellant.

*Alice G. Pinderhughes, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall here hold that the filing in the District Court of a motion for a new trial does not stop the running of time for an appeal and there is no appeal whatsoever from the denial of such a motion.

Appellant Milton F. Kirsner was convicted of certain housing violations in the District Court of Maryland in Baltimore City. Fines were assessed on February 11, 1982. On February 12 a motion for a new trial was made. On March 17 the motion was heard. One of the fines was reduced. The remainder were permitted to stand. Otherwise the motion was denied. On April 14 an appeal was entered to the Criminal Court of Baltimore (now the Circuit Court for Baltimore City). When the matter came on for hearing in the Criminal Court the State's motion to dismiss the appeal was granted on the ground that the appeal had not been filed timely. We granted a writ of certiorari in order that we might address the issue here presented.

Maryland Code (1974, 1980 Repl. Vol., 1982 Cum. Supp.) § 12-401 (c) (1), Courts and Judicial Proceedings Article, provides that appeals from the District Court shall be taken "within 30 days from the date of the final judgment from which appealed." Maryland Rule 1312 is to the same effect. Maryland District Rule 770 a provides, "Upon motion of the defendant filed within three days after a verdict the court, in the interest of justice, may order a new trial." That rule is identical to Rule 770 a applicable to circuit courts.

Maryland District Rule 770 b extends the filing time for a motion for new trial for newly discovered evidence to one year but with the important qualification "if no appeal has been perfected . . . ." Maryland District Rule 770 c provides that the District Court for a period of ninety days after the imposition of sentence has revisory power and control over a judgment to set aside an unjust or improper verdict and grant a new trial. However, this, too, is "if no appeal has been perfected . . . ."

Rule 1012 d provides as to appeals from circuit courts to the Court of Special Appeals:

"In a criminal case where a timely motion for a new trial is filed pursuant to Rule 770 a, the order for appeal shall be filed within thirty days from the date the motion for a new trial was denied, overruled or dismissed, or within thirty days from the date of judgment, whichever is later."

This rule was new effective July 1, 1975. No similar provision exists relative to appeals from the District Court.

Kirsner reasons that there was no final judgment until the trial court ruled upon his motion for a new trial. Hence, he contends that his appeal was filed timely since it was entered on April 14, less than thirty days after the denial of the motion for a new trial on March 17. Such simply is not the law as to appeals from the District Court nor was it the law prior to July 1, 1975, as to appeals from the circuit courts.

The District Court came into being in 1971. Since the rule relative to a motion for a new trial in that court is identical to that formerly applicable to circuit courts and since the time prescribed for appeal and the language of the statutes relative to appeal insofar as criminal causes are concerned are virtually identical to that applicable to circuit courts, we turn to an examination of our holdings as to appeals and motions for a new trial in the circuit courts as such existed before the adoption of Rule 1012 d.

In *Colter v. State,* 219 Md. 190, 148 A.2d 561 (1959), Judge Henderson said for the Court:

> "It ... seems clear that the timely filing of the 'motion for a new trial, after judgment and sentence, did not extend the time for filing an appeal. *Hayes v. State,* 141 Md. 280, 282 [, 118 A. 652 (1922)]. Under Rule 812 a of the Maryland Rules an appeal must be taken within thirty days from the date of the judgment appealed from." 219 Md. at 192.

Lest there be a claim that Kirsner was entitled to appeal from the denial of the motion for a new trial, we point out that in *Colter* Judge Henderson also said for the Court:

> "It is quite clear that an appeal will not lie from an order denying a new trial, at least where it is not claimed that there was an abuse of discretion. *Williams v. State,* 204 Md. 55, 66, and cases cited . . . ." *Id.* 191-92.

It no doubt was a case such as *Washington, B. & A. R.R. v. Kimmey,* 141 Md. 243, 250, 118 A. 648 (1922), Judge Henderson had in mind when he referred for the Court to "an abuse of discretion" insofar as denying a new trial was concerned. There the trial court was found to have failed to exercise its discretion.

In *Williams v. State,* 204 Md. 55, 102 A.2d 714 (1954), Chief Judge Sobeloff said for the Court:

> "In this State a motion for a new trial is addressed to the discretion of the court in criminal as well as civil cases, and from an order overruling such a motion no appeal will lie. *Archer v. State,* 45 Md. 457 [(1876)]; *Miller v. State,* 135 Md. 379, 382 [, 109 A. 104 (1919)]; *Myers v. State,* 137 Md. 482, 487 [, 113 A. 87 (1921)]; *Bosco v. State,* 157 Md. 407, 410 [, 146 A. 238 (1929)]; *Wilson v. State,* 181 Md. 1, 8 [, 26 A.2d 770 (1942)]; *Quesenbury v. State,* 183 Md. 570, 572 [, 39 A.2d 685 (1944)]; *Haley v. State,* [200 Md. 72, 77, 88 A.2d 312 (1952)]. *Cf. Snyder v.*

*Cearfoss,* 186 Md. 360, 367 [, 46 A.2d 607 (1946)]."
204 Md. at 66-67.

In *Dutton v. State,* 123 Md. 373, 378, 91 A. 417 (1914), Chief Judge Boyd stated flat-footedly for the Court, "That the action of the Court in overruling the motion for a new trial is not subject to review by us is too well settled to require or justify the citation of authorities . . . ." To similar effect see *Produce Exchange v. New York P. & N. R.R.,* 130 Md. 106, 113, 100 A. 107 (1917), and *Patterson v. M. & C.C. of Balto.,* 127 Md. 233, 242, 96 A. 458 (1915). The latter case cites for its authority Poe on *Pleading and Practice.* 2 J. Poe, *Pleading and Practice* § 349 (Tiffany ed. 1925), citing a host of cases as its authority, states, "Motions for a new trial are addressed to the sound discretion of the court, and from its action in granting or refusing them, whether absolutely or on terms, no appeal will lie." The first case cited is *Anderson v. State,* 5 H. & J. 174 (1821), where Judge Dorsey said for the Court:

"But we are decidedly of opinion, that the refusal of an inferior Court to grant a new trial cannot be assigned for error. *The Marine Insurance Company* vs. *Hodgson,* 6 *Cranch,* 218. The law has been considered as settled in this country beyond all controversy; and no case can be found in England where a superior tribunal, acting on the transcript of the record, or the record itself, brought before them by a writ of error, has entertained such a question." 5 H. & J. at 175.

Appeals in criminal matters from the District Court are heard de novo. Code (1974, 1980 Repl. Vol.) § 12-401 (d), Courts and Judicial Proceedings Article. There is no way that on such an appeal a judge could review to determine whether or not the District Court trial judge had abused his discretion in denying a motion for a new trial. Given the very narrow holding of the Court in the past as to appeals from denials of motions for new trial in the circuit courts and the fact that appeals in District Court matters are heard de

novo, we conclude that there is no right of appeal whatsoever from the denial by a District Court judge of a motion for new trial. Thus, since a motion for new trial does not stop the running of appeal time it follows that the Criminal Court of Baltimore correctly dismissed Kirsner's appeal.

*Judgment affirmed; appellant to pay the costs.*