# PATRICK HAYES AND LAWRENCE NITA

*vs.*

## STATE OF MARYLAND.

*Criminal Law—Time for Appeal—Motion for New Trial.*

A judgment imposing sentence is not suspended or made nugatory by the subsequent filing of a motion for a new trial, so as to extend the period of "thirty days from the date of judgment or sentence" within which, by Rule 23 of the Court of Appeals, an appeal must be taken.

*Decided June 21st, 1922.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

Criminal proceeding against Patrick Hayes and Lawrence Nita. From a judgment imposing sentence of imprisonment, defendants appeal. Appeal dismissed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*David Ash,* with whom was *Samuel Rubin* on the brief, for the appellants.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *H. Courtenay Jenifer, State's Attorney for Baltimore County,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

The judgment in this case was entered in the Circuit Court for Baltimore County on November 15, 1921. It imposed sentence of imprisonment in the penitentiary upon the appellants for a robbery of which they had been found guilty on the preceding day. The appeal was not taken until December 24th. This was nine days after the expiration of the thirty day period prescribed by Rule 23 of this Court for appeals in criminal cases. There is a motion to dismiss the appeal on that ground. It will be necessary to grant the motion (*State* v. *Hardesty,* 132 Md. 172), unless it can be held that the judgment was suspended or made nugatory by a motion for a new trial which was filed two days after its rendition and was overruled fourteen days before the date of the appeal.

In *Heiskell* v. *Rollins,* 81 Md. 397, the judgment appealed from was entered by the clerk on the day of the verdict and while a motion for a new trial was pending. It was held that the entry of the judgment under such conditions must have been the result of a mistake on the part of the clerk. The case was decided on the theory that there was no valid judgment from which an appeal could be taken, and for that reason the appeal was dismissed without prejudice to the right of the appellant to have an appealable judgment entered. In the present case the judgment was rendered by the court two days before the motion for a new trial was filed. It is to be presumed that the court followed the usual practice, in such cases, of inquiring whether the prisoner had anything to say why sentence should not then be pronounced. Whether the motion for a new trial was filed within the time specified by the rules of the Circuit Court for Baltimore County we are not informed by the record. It was filed three days after the verdict. This was within the four day period allowed at common law, and it may have been within the time limited by the rules of the trial court. But it was after the judgment had been actually and formally

rendered. It is apparent, therefore, that the question raised on the motion to dismiss the appeal in this case is materially different from the one decided in *Heiskell* v. *Rollins, supra.* The entry of the present judgment is not attributable to any clerical inadvertence but was made in the presumably regular exercise of the authority possessed by the court in which the case was tried and determined. The subsequent filing of the motion for a new trial could not properly be held to have caused the judgment to be inoperative. If the motion had been an application to strike out the judgment, it could not have accomplished that purpose unless and until it had been granted.

In *Dutton* v. *State,* 123 Md. 373, a motion for a new trial was made on the day on which sentence of death was pronounced against the prisoner. The motion was overruled on a later day, and was followed by a motion to strike out the judgment and sentence. One of the reasons assigned for a reversal of the judgment was that the sentence had been imposed without inquiry of the prisoner as to whether he had anything to say. It was held that this omission did not appear to have been an injurious error. After stating in the opinion that: "The rules of courts generally fix the time within which a motion for a new trial or motion in arrest of judgment can be filed, and in the absence of such rules, the time allowed at common law is applicable," CHIEF JUDGE BOYD proceeded to say: "Even if sentence should be passed before the expiration of such time, without having given the prisoner an opportunity to then speak, such a motion would be afterwards entertained if made within the time allowed." But he was unable to find a substantial reason "under existing conditions for setting aside a judgment and sentence in a criminal case because of the omission of this inquiry." The filing and pendency of the motion for a new trial in that case was evidently not regarded by the court as having the effect of suspending or disturbing in any way the existing judgment.

After the motion for a new trial in the case before us had been disposed of, there was still ample time for an appeal within the period limited by the rule. The appeal could not have been entertained if it had been from the order overruling the motion for a new trial. It was in fact expressly taken from "the judgment passed on the 15th day of November, 1921." As the judgment antedated the appeal more than the prescribed period of thirty days, we cannot avoid the conclusion that the motion to dismiss the appeal should prevail.

Our examination of the record has convinced us that there was no reversible error in any of the rulings which the appellants desired to have us review, and if the appeal had been taken in due time, the judgment would have been affirmed.

*Appeal dismissed.*