## COLTER *v.* STATE

[No. 148, September Term, 1958.]

*Decided February 18, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William H. McCullough,* with whom were *Robert W. McCullough* and *William T. Pace* on the brief, for the appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Blair H. Smith, State's Attorney for Prince George's County,* and *John W. Mitchell, Deputy State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant in this case was indicted along with one Tolson for storehouse breaking, larceny and receiving stolen goods. Tolson pleaded guilty, and subsequently testified against Colter in his trial on July 12, 1957, before the court without a jury. On the same day the appellant was found guilty and sentenced to a term of eight years in the Maryland Penitentiary. A motion for a new trial was filed on July 15, 1957. For reasons not disclosed by the record, the motion was not heard until July 14, 1958. After hearing, the motion was denied. Appeal to this Court was filed on July 15, 1958.

The Attorney General filed a motion to dismiss the appeal, on which we reserved judgment. It is quite clear that an

appeal will not lie from an order denying a new trial, at least where it is not claimed that there was an abuse of discretion. *Williams v. State,* 204 Md. 55, 66, and cases cited; cf. *Clay v. State,* 211 Md. 577, 587. It also seems clear that the timely filing of the motion for a new trial, after judgment and sentence, did not extend the time for filing an appeal. *Hayes v. State,* 141 Md. 280, 282. Under Rule 812 a of the Maryland Rules an appeal must be taken within thirty days from the date of the judgment appealed from. The appellant contends that under Rule 564 b the judgment and sentence was only a judgment *nisi* which did not become final until after the motion for a new trial was denied. This rule, however, is plainly limited to cases where "an action at law is tried upon the facts by the court", and there is no equivalent provision in the Criminal Rules.

We are constrained to say, however, as this Court did in *Hayes v. State, supra,* that our examination of the record convinces us that there was no reversible error in the rulings of the trial court, and if the appeal had been taken in due time, the judgment would have been affirmed. Specifically, we think there was sufficient corroboration of the testimony of Tolson, the accomplice, to support the verdict. Cf. *Judy v. State,* 218 Md. 168, 176, and cases cited.

*Appeal dismissed, with costs.*