## ARLAN G. SCHAEDLER *v.* WARDEN, MARYLAND PENITENTIARY

[No. 32, Initial Term, 1967.]

*Decided February 21, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

THOMPSON, J., delivered the opinion of the Court.

On April 5, 1965, Schaedler was found guilty under an indictment for robbery with a deadly weapon and sentenced to ten years in the Maryland Penitentiary by Judge Edward D. E. Rollins, sitting without a jury, in the Circuit Court for Cecil County. A motion for new trial was filed and was denied by Judge Rollins on April 15, 1965. The record does not show that Schaedler was notified of this ruling. Following appointment of counsel and two hearings on his application for relief under the Uniform Post Conviction Procedure Act, Code Art. 27, Secs. 645A through 654J, Judge Thomas J. Keating, Jr. denied relief on June 17, 1966. On June 23, 1966, Schaedler filed an application for leave to appeal to the Court of Appeals of Maryland. On January 6, 1967, the application was referred to this court for disposition.

On April 9, 1965, the Clerk of the Circuit Court for Cecil County, received an envelope containing a hand-printed document entitled "Motion for a New Trial", signed by Schaedler in proper person and sworn to by him on April 8, 1965, at the Maryland Penitentiary. On the same day, the court appointed attorney in the original trial, wrote him as follows:

> "This will acknowledge your letter of April 6th. I am sure that you have received by now my letter of the same date to you advising you of your right to appeal and other appropriate actions that you might take.
>
> "As far as your grounds for appeal are concerned, it is my opinion that an appeal would be futile. I know of no grounds which would be contained in the record of the case which would be the basis for an ap-

peal. Your suggestion that in the beginning of the case, when a witness had been called, the Court was reminded that the docket had not showed that you had been arraigned and as a result thereof, you were then arraigned before the witness had a chance to testify, would be the basis of an appeal is untenable.

"As I mentioned to you in my letter, my responsibility in this matter ended with the rendition of the verdict. If you wish to take an appeal, you may write directly to the Court or the Clerk of the Court advising the Court or the Clerk that you wish to take an appeal from the judgment and sentence in your case. This will be duly filed and appeal will be taken accordingly. You should also ask at the same time that counsel be appointed for you to prepare your appeal.

"I am not interested in further representation of you in this case because I do not think that there is any basis for an appeal. Consequently, I do not feel that I could be helpful to you.

Yours very truly"

By letter dated April 30, 1965, addressed to "Clerk of Courts, Court of Appeals, Annapolis, Maryland", and received in that office on May 4, 1965, the Defendant stated as follows:

"Dear Sir:

"Please be advised on the 6th of April, 1965, I received the sentence of ten years for armed robbery to run concurrent with a three year sentence. On the 7th day of April, I filed a motion for appeal in the Cecil Court, Elkton, Maryland, for the following reasons: — (Listing seven reasons)

"It is with a prayer that you appoint me a counsel to file a direct appeal against the illegal and unconstitutional trial.

"Further I pray that I be granted the request in Forma Pauperis. I am a poor person and am unlettered in the art of law."

On May 4, 1965, the Chief Deputy Clerk of the Court of

Appeals, thinking that the appeal related to an appeal in another case, wrote Schaedler as follows:

"Arlan G. Schaedler, No. 8456
Maryland Penitentiary
954 Forrest Street
Baltimore, Maryland. 21202
Re: Arlan Grover Schaedler vs.
      State of Maryland
      No. 5, September Term, 1965.

Dear Sir:

"Your appeal has been docketed in this office as entitled above. A copy of your letter is being sent to your attorney, John G. Hennegan, Esquire.

Very truly yours,"

Mr. Hennegan promptly advised the Chief Deputy Clerk the appeal related to a different case but no action was taken on the information.

Although the present petition was not filed until January 11, 1966, it was preceded by habeas corpus proceedings in the State courts and habeas corpus proceedings in the Federal courts, both of which were denied, the latter for the reason that the Petitioner had not exhausted his state remedies.

Although Schaedler's letter of April 6th, 1965, is not in the record it seems that he probably directed his counsel to file an appeal, but whether this is accurate or not there is little doubt but that after receipt of the letter from the Chief Deputy Clerk of the Court of Appeals, Schaedler thought his appeal had been perfected. We note that he would have received this letter just as his time for appeal expired. We hold that the due process clause of the Fourteenth Amendment to the Constitution of the United States requires that we grant him a delayed appeal.

For a case where a state trial court clerk misled an indigent prisoner concerning his appeal, see *Lloyd v. Warden,* 229 Fed. Sup. 364 (1964). Here Chief Judge Thomsen of the United States District Court for the District of Maryland held that the applicant had been denied due process of law.

In *Calland v. United States,* 323 F. 2d 405 (1963) the Court of Appeals for the 7th Circuit found an accused was entitled to a delayed appeal where he had twice timely directed his attorneys to appeal, but they had failed to comply. The court relied on the language of *Coppedge v. United States,* 369 U. S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21.

*Griffin v. Illinois,* 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891 decided that where an appeal in a criminal case is a matter of right, it is a fundamental right. Under Code, Art. 5, Sec. 12, an appeal from an original conviction in this state is a matter of right.

In *Richey v. Wilkins,* 335 F. 2d 1 (1964), the Court of Appeals for the 2nd Circuit at page three of the opinion stated:

> "In this connection, candor compels us to note at the outset that, mindful as we are of the advantages to the efficient administration of justice which may be secured through requiring dutiful adherence to established procedural rules by those who would appeal to this Court, we believe that where, as here, the appellant is an apparently indigent lay prison inmate who had attempted to proceed without the aid of counsel, to require that an appeal be perfected with too great a degree of technical precision is to risk the working of serious injustice for no sound reason."

In that case, as here, the appeal was filed in the Court of Appeals instead of the trial court.

Under the circumstances herein set forth the applicant is entitled to a direct appeal in the original case as of May 4, 1965. See *Fisher v. Warden,* 230 Md. 612 and *State v. Shoemaker,* 225 Md. 639. It is not necessary for us now to review the other grounds for relief.

*Application granted and case remanded for further proceedings in accordance with this opinion.*