## ELWOOD WESLEY BLACKSTONE *v.* STATE OF MARYLAND

[No. 288, September Term, 1968.]

*Decided March 19, 1969.*

*Bernard F. Goldberg* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Richard J. Kinlein, State's Attorney for Howard County,* and *Cornelius D. Helfrich, Assistant State's Attorney for Howard County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On 25 January 1968 the appellant was convicted at a court trial in the Circuit Court for Howard County of storehouse breaking with intent to steal goods of the value of $100 or more and grand larceny. Sentence was deferred for pre-sentence investigation. On 7 March concurrent sentences of 4 years were imposed on each conviction. On 11 March the appellant filed an order of appeal and was released on bail. On 29 May a document was filed entitled "Dismissal of Appeal" and read, "Mr. Clerk: Please dismiss appeal to the Court of Special Appeals of

Maryland in the above-captioned case." It was signed by the appellant and his attorney. On 5 June the appellant by his attorney filed a "Motion for New Trial Based on Newly Discovered Evidence." See Md. Rule 764b2. On 20 June upon hearing had and testimony taken on the motion, it was denied. Commitment was delivered to the Sheriff of Howard County. On 8 July the appellant in proper person filed a "Motion for Appeal." On 25 July he was released on bail. See Md. Rule 777.

It is not clear from the document filed on 8 July whether the appellant is seeking an appeal from the denial of the motion for a new trial or from the original judgments. If the former, "[i]n this State a motion for a new trial is addressed to the discretion of the court in criminal as well as civil cases, and from an order overruling such a motion no appeal will lie", *Williams v. State,* 204 Md. 55, 66, at least where, as here, it is not claimed that there was an abuse of discretion. *Colter v. State,* 219 Md. 190, 191-192. See *Hitchhock v. State,* 213 Md. 273; *Adams v. State,* 4 Md. App. 135. The adoption of Rule 764b2 does not affect this general rule; the Committee note thereon states that the subsection "is intended to relate solely to the time within which motions for new trials or other relief on the ground of newly discovered evidence may be filed. It is not intended to make any change in the standards to be applied by the trial court in exercising discretion as to whether or not to grant a new trial."

If the appellant seeks an appeal from the judgment of his convictions and sentences, Md. Rule 1012 requires that the order of appeal be filed within thirty days from the date of the judgment appealed from. Although the appellant filed a timely appeal he dismissed it and the subsequent "Motion for Appeal" of 8 July was filed too late. There is no provision in the Maryland Rules or elsewhere authorizing the lower court to extend the time within which an order of appeal to this Court shall be filed. *Cornwell v. State,* 1 Md. App. 576. Nor did the filing of a motion for a new trial after conviction and sentence extend the time for filing an appeal. *McCoy v. Warden,* 1 Md. App. 108, quoting *Colter v. State, supra,* at 191-192 citing *Hayes v. State,* 141 Md. 280, 282. See *Brown v. State,* 237 Md.

492. As the appeal here was not filed within the time required, it is dismissed.[1] Md. Rule 1035 §§ a2 and b(2).

*Order of appeal dismissed; appellant to pay costs.*

---

1. The motion for a new trial filed 5 June 1968 cannot be treated as an application for post conviction relief. It is clear from the record before us that it was not so considered below by the court, the State or the appellant and it was heard by the same judge who conducted the original trial. *Ware v. State,* 3 Md. App. 62.