**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hyman STERNMAN, Defendant-Appellant.**

**No. 20584.**

United States Court of Appeals, Sixth Circuit.

Nov. 16, 1970.

Edward I. Stillman, Cleveland, Ohio, for defendant-appellant; Creighton E. Miller, Cleveland, Ohio, of counsel.

Peter M. Handwork, Asst. U. S. Atty., Toledo, Ohio, for plaintiff-appellee; Robert B. Krupansky, U. S. Atty., Toledo, Ohio, on brief.

Before PHILLIPS, Chief Judge, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant appeals from denial of his motion to reduce sentence under Rule 35, Federal Rules of Criminal Procedure. He had previously been sentenced to a three-year term for contempt of court after being indicted for contempt and pleading guilty to the charge before a

United States District Court in the Northern District of Ohio, Western Division. The contempt of court indictment followed appellant's refusal to answer questions put to him by a Federal Grand Jury after he had been ordered by a United States District Judge to answer those questions under a grant of immunity.

Subsequent to his guilty plea and sentence, he appealed to this court which affirmed his conviction by formal opinion, whereupon appellant sought and was denied certiorari in the United States Supreme Court. United States v. Sternman, 415 F.2d 1165 (6th Cir. 1969), cert. denied, 397 U.S. 907, 90 S.Ct. 903, 25 L.Ed.2d 88 (1970).

■ Obviously appellant in this appeal has sought to reargue issues decided on his first appeal or to present issues which could and should have been presented therein. Rule 35 cannot, however, be employed for purposes of direct appeal.

The only issue appropriately before this court on this appeal is whether the District Judge abused his discretion in denying the motion to reduce sentence. Appellant's first contention is that he was really sentenced for civil contempt, and hence, that the termination of the Grand Jury mandates termination of his sentence. Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

■ This record, however, convinces us that appellant's conviction was for criminal contempt. Appellant was indicted by a Grand Jury and was offered a jury trial. He pled guilty to the charge of violating 18 U.S.C. § 401 (1948) freely and voluntarily after full explanation of the circumstances which would confront him if he did so.

Appellant also contends with vigor that since the Grand Jury investigation which triggered this prosecution was concerned with violations of 47 U.S.C. and he was tendered immunity under that statute, the misdemeanor penalty provided for violations of that statute (47 U.S.C. § 409(m) (1961)) should be regarded either as the legal limit of his sentence or at minimum as a guide to the District Judge in the exercise of his sentencing discretion, disregard of which we should look upon as abuse of his discretion.

■ The offense to which appellant pled guilty, however, was not that of violating 47 U.S.C. (the Federal Communications Act). It was refusing to obey a lawful order of the United States District Court. 47 U.S.C. § 409(m) (1961) certainly does not control his sentence and we see no reason why the District Judge had to employ it as a standard.

■ The three-year sentence for contempt was authorized under 18 U.S.C. § 401 (1948) and the case law interpreting it. Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958); Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959).

Under the total circumstances of this case, we find no abuse of judicial discretion in the denial of the motion to reduce sentence.

The judgment of the District Court is affirmed.