## JOHNSON *v.* STATE OF MARYLAND

[No. 76, September Term, 1974.]

*Decided February 24, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Arnold M. Zerwitz* and *Dennis M. Henderson, Assistant Public Defenders*, with whom was *Alan H. Murrell, Public Defender*, on the brief, for appellant.

*James I. Keane, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Clarence W. Sharp, Assistant Attorney General*, on the brief, for appellee.

O'DONNELL, J., delivered the opinion of the Court.

We are here asked to rule that a defendant in a criminal case whose sentence has been modified, pursuant to Maryland Rule 764 b 2, has the right, within 30 days from the imposition of that revised sentence, to appeal to the Court of Special Appeals.

The appellant, William Johnson, Jr., was charged in the District Court upon a warrant with having assaulted and shot one George Chestnut on September 24, 1973. Upon his arraignment in that court he elected trial by jury and his case was transferred to the Criminal Court of Baltimore. *See* Maryland Code (1974), Courts and Judicial Proceedings Article § 4-302 d.

When his case came before the Criminal Court on October 18, 1973, he waived a jury trial and was tried upon the warrant [1] by Judge Robert J. Gerstung.[2]

After adjudging the appellant to be guilty Judge Gerstung inquired of counsel as to whether or not Johnson had "an

---

[1]. *See* Maryland Rule 702 a.
[2]. Of the District Court, sitting by designation in the Criminal Court of Baltimore.

outstanding conviction." Although the Assistant State's Attorney responded in the affirmative, the particulars thereof were not disclosed. Johnson's counsel responded that "apparently [there was] not." Judge Gerstung then imposed a sentence of five years, stated that he would request "a post sentence report for the specific purpose of determining prior record, work habits, and drug habits," and directed counsel to file a motion for reduction of sentence. He then informed the defendant that he had the right to file a motion for a new trial within three days and that he had "thirty days in which to file an appeal."

When the Probation Department of the Supreme Bench of Baltimore filed the report of its post-sentence investigation on November 12th it was disclosed that the appellant had been placed on "probation without verdict" in 1969 for attempted burglary, had served a three-year sentence in 1970 for assault with intent to murder — confirmed by the arrest records and fingerprints, but denied by the appellant — and had three cases charging him with gambling in 1972, on one of which he had been fined and on the other two he had been given "probation without verdict." Upon this data Judge Gerstung was apparently persuaded to reduce the sentence imposed on October 18, 1973,[3] and on December 28, 1973, pursuant to the provisions of Maryland Rule 764 b 1, resentenced the appellant to a four-year term which modification was entered of record upon the docket.

On January 25, 1974, an appeal was docketed to the Court of Special Appeals, and on February 22nd the Criminal Court of Baltimore (Perrott, J.), upon a petition, signed an order extending the time for the transmittal of the record until April 25, 1974. See Maryland Rule 1025 b. When, apparently, the record could not be transmitted within 90 days "from the date after the first order for appeal," a

---

**3.** Counsel for the defendant on October 18, 1973 — apparently immediately after the sentencing — wrote Judge Gerstung urging that he "place the defendant on probation," pointing out that "there were only *two* wounds," the victim having been shot in the posterior portion of the right shoulder and in the anterior portion of the right forearm; that the incident had been provoked by the victim, Chestnut, and since "both are to blame" it was unreasonable that Chestnut "get off scott free." Counsel requested a "reconsideration" of the sentence imposed.

petition filed on April 19, 1974, for a further extension of time was addressed, pursuant to Maryland Rule 1025 c, to the Court of Special Appeals. Chief Judge Orth denied the petition on April 22, 1974, marginally noting that the "appeal [was] untimely filed."

Counsel for the appellant asserting that the appeal was entered from the modified sentence and judgment imposed on December 28, 1973, petitioned the Court of Special Appeals to reconsider the order dismissing the appeal. That court on April 30, 1974, noting that the motion was, in effect, to have the court rescind its prior order, denied it. The Clerk of the Court of Special Appeals by letter advised the Clerk of the Criminal Court of Baltimore, as well as the State's Attorney for Baltimore City and the Attorney General, of the action taken by the court and directed the addressees' attention to Maryland Rule 1013. On April 26, 1974, Judge Perrott, in the Criminal Court of Baltimore, noting that the appellant's attempted appeal was from the action taken on December 28, 1973, reducing his sentence and was not taken within 30 days from the date of the imposition of his original sentence on October 18, 1973, dismissed the appeal pursuant to Maryland Rule 1013 — which authorizes the lower court, sua sponte, or upon motion, to strike an order for appeal where the appeal has not been timely filed.

The appellant seasonably noted an appeal to the Court of Special Appeals from Judge Perrott's final order. *See* Code (1974), Courts and Judicial Proceedings Article § 12-301. While the case was pending in the Court of Special Appeals we granted the petition of the appellant for the issuance of a writ of certiorari. *See* Code (1974), Courts and Judicial Proceedings Article § 12-203.

Maryland Rule 1012, relating to appeals to the Court of Special Appeals, provides as follows:

> "Whenever an appeal to this Court or an application to this Court for a writ of certiorari is permitted by law, the order for appeal or the application for a writ of certiorari shall be filed

*within thirty days from the date of the judgment appealed from."* (Emphasis supplied.)

It is substantially the same as Maryland Rule 812 a, which governed appeals to this Court.

In *Colter v. State,* 219 Md. 190, 148 A. 2d 561 (1959), it was held that the appellant's appeal must be dimissed where it was not taken, as required by Maryland Rule 812 a, within 30 days from the judgment of conviction appealed from, and that the filing of a motion for a new trial, after the entry of a judgment and the imposition of sentence did not extend the time for filing such appeal under the holdings in *Hayes v. State,* 141 Md. 280, 282, 118 A. 652 (1922).[4]

In *Coleman v. State,* 231 Md. 220, 189 A. 2d 616 (1963), the appellant was sentenced on February 15, 1961, to a term of two years which was suspended and he was placed on probation for that same period, under specified conditions. His probation was revoked on July 11, 1962 for failure to comply with the conditions. When the trial court revoked the probation the clerk, in error, made a docket entry which read: "Probation stricken out and sentenced to two (2) years in the Maryland House of Correction from July 6, 1962, Foster, Judge."

This Court, in remanding the case for a correction of the docket entry, stated:

"When the sentence in a criminal case is imposed and execution of the imposed sentence is conditionally suspended, as distinguished from the suspension of the imposition of sentence, and the defendant placed on probation, and thereafter the probation is stricken out, the defendant should not be re-sentenced. His original sentence is effective with the probationary provisions stricken out. Cf. *Swan v. State, supra,* 200 Md. at page 424 [90 A. 2d at 692 (1952)]." 231 Md. at 222, 189 A. 2d at 618.

---

4. *See also* Brown v. State, 237 Md. 492, 505-06, 207 A. 2d 103, 110-11 (1965), where, after the imposition of sentence, a motion for new trial filed was held to have been only a suspension of the execution of the sentence and not a vacation.

Judge Prescott (later Chief Judge), who delivered the opinion concerning Coleman's appeal, stated:

"[I]t is apparent from the appellant's brief that he is not entitled to the relief he has requested. He, of course, could not appeal from the original sentence in February, 1961, as the time limited for such an appeal had long since expired. Maryland Rule 812 a. If we consider his present appeal as one from the order striking out his probation, he conceded that he had violated the conditions of his probation; hence he could obtain no assistance from this quarter. And if we consider his appeal as from the 'sentence' of July 11, 1962, (as he claims it is), and that 'sentence' is stricken out (as we have indicated above it should be by a correction of the docket entry), the original sentence is in full force and effect, which means, of course, the appellant, likewise, is entitled to no relief here." 231 Md. at 223, 189 A. 2d at 618.

In *Wampler v. Warden*, 231 Md. 639, 191 A. 2d 594 (1963), in denying application to appeal under the Post Conviction Procedure Act, this Court rejected the contention that the applicant's petition for a reduction of the sentence operated as an extension of time within which an appeal might be entered. Chief Judge Brune, who delivered the opinion of the Court, stated:

"To avoid possible misconception in the future, we think it advisable, however, to note our disagreement with the view of the trial court as to the time allowed for an appeal. The time is within thirty days from the judgment appealed from. Md. Rule 812. The applicant's petition for a reduction of sentence did not operate to extend the time within which an appeal might be entered. Cf. *Colter v. State*, 219 Md. 190, 148 A. 2d 561, and *Hayes v. State*, 141 Md. 280, 118 A. 652, holding that the filing of a motion for a new trial after judgment has

been entered does not stop the running of the time for appeal. Similar rules apply in civil cases. We think it unnecessary to prolong this opinion further by citing authorities in such matters." 231 Md. at 652, 191 A. 2d at 602.

In *Blackstone v. State*, 6 Md. App. 404, 251 A. 2d 255 (1969), the appellant filed a timely appeal to the Court of Special Appeals after the imposition of sentence. About 70 days later, in a document signed by him and his counsel, and filed with the clerk, he dismissed the appeal. Several days thereafter, pursuant to Maryland Rule 764 b 2, he filed a "Motion for New Trial Based on Newly Discovered Evidence." When that motion was heard and denied and he was committed to the custody of the sheriff, he again filed in proper person a "Motion for Appeal." Judge Orth (now Chief Judge), for the Court of Special Appeals, in dismissing that appeal, stated:

"If the appellant seeks an appeal from the judgment of his convictions and sentences, Md. Rule 1012 requires that the order of appeal be filed within thirty days from the date of the judgment appealed from. Although the appellant filed a timely appeal he dismissed it and the subsequent 'Motion for Appeal' of 8 July was filed too late. There is no provision in the Maryland Rules or elsewhere authorizing the lower court to extend the time within which an order of appeal to this Court shall be filed. *Cornwell v. State,* 1 Md. App. 576. Nor did the filing of a motion for a new trial after conviction and sentence extend the time for filing an appeal. *McCoy v. Warden,* 1 Md. App. 108, quoting *Colter v. State, supra,* at 191-192 citing *Hayes v. State,* 141 Md. 280, 282. See *Brown v. State,* 237 Md. 492. As the appeal here was not filed within the time required, it is dismissed. [Footnote omitted.] Md. Rule 1035 §§ a 2 and b (2)." 6 Md. App. at 406-07, 251 A. 2d at 256.

Maryland Rule 764 b 1, under which Judge Gerstung acted on December 28, 1973, in revising and modifying the appellant's prior sentence, reads as follows:

"For a period of ninety (90) days after the imposition of a sentence, or within ninety (90) days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within such period, the court shall have *revisory power and control* over the judgment or other judicial act forming a part of the proceedings. The court may, pursuant to this section, *modify or reduce,* but shall not increase the length of a sentence. After the expiration of such period, the court shall have such revisory power and control only in case of fraud, mistake or irregularity." (Emphasis supplied.)

The appellant does not here seek a review of the new judgment imposed but contends that since Maryland Rule 764 b 2, provides that upon a modification or reduction of sentence a "new judgment of conviction" is entered he is now entitled to a full appellate review of the proceedings leading to his conviction. As authority for his contention he relies upon *Corey v. United States,* 375 U. S. 169 (1963), where the majority held that in cases where a defendant has been sentenced under 18 U.S.C. § 4208 (b) [5] and resentenced, that

---

5. 18 U.S.C. § 4208 (b) provides:

"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or

he has the option to appeal his conviction either after the entry of his original commitment under § 4208 (b), or after the second sentence imposed under that section. Mr. Justice Stewart, who delivered the opinion for the majority, stated:

> "[U]nder the provisions of 18 U.S.C. § 4208 (b) the trial judge sentences a convicted defendant not once, but twice. The judge first imposes a sentence of imprisonment 'deemed to be' the *maximum* prescribed by the law, and then, after the defendant has been imprisoned for three or six months, the judge fixes a new sentence which may be quite different from the one originally imposed. The present case illustrates the problem which then arises. That problem, simply stated, is how, in cases where trial judges have utilized the sentencing provisions authorized by 18 U.S.C. § 4208 (b), the rules governing criminal appeals are to be applied so as neither to frustrate their purpose nor to impair the efficacy of the flexible sentencing procedure which Congress devised in enacting 18 U.S.C. § 4208 (b). We have concluded that in such cases an appeal may be taken within the time provided by Rule 37 (a)(2), Fed. Rules Crim. Proc., *after either the first or the second sentence under § 4208 (b), at the option of the convicted defendant.*
>
> It would obviously contravene the basic policies of the criminal appellate rules to require a defendant sentenced under § 4208 (b) to defer his appeal until after he had submitted to the three or six months of incarceration and diagnostic study prescribed by the statute. Such a requirement would not only forestall any opportunity of a prompt appeal from an underlying criminal conviction, but would deprive a convicted defendant

---

(2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from the date of original commitment under this section."

of the substantial right to be enlarged on bail while his appeal was pending. Indeed, the imposition of such a mandatory three- or six-month term of imprisonment before the defendant could file an appeal might raise constitutional problems of significant proportions.

But we need not consider such problems, because a § 4208 (b) commitment is clearly not lacking in sufficient 'finality' to support an immediate appeal, and there is *nothing to indicate that Congress intended that the right of appeal be mandatorily suspended in cases where the provisions of § 4208 (b) are utilized. . . .*" (Footnotes omitted.) (Emphasis supplied.) 375 U. S. at 172-73.

Subsection 2 of Maryland Rule 764 b, adopted by this Court on January 18, 1972, effective January 24, 1972, reads as follows:

"2. *In Open Court.*

A modification or reduction of sentence shall be made in open court and only after notice to the defendant and the State's Attorney. *A new judgment of conviction,* setting forth the *revised* sentence and specifying the *modification or reduction* made, shall be entered of record so that the docket entries reflect the action taken." (Emphasis supplied.)

In *Wilson v. State,* 227 Md. 99, 175 A. 2d 775 (1961), Maryland Rule 744 a — now Rule 764 a — providing that a court may, at any time, correct an illegal sentence, was construed to be a "statutory remedy," within the meaning of what is now Maryland Code (1957, 1971 Repl. Vol.) Art. 27, § 645A (Post Conviction Procedure Act), and held that there was no direct appeal from a refusal to modify a sentence. *See also Harris v. State,* 241 Md. 596, 217 A. 2d 307 (1966), where this Court dismissed an attempted direct appeal from a denial of a motion by the lower court to strike out a judgment and sentence. The dismissal was there held to be

without prejudice to the appellant for relief under the Post Conviction Procedure Act, under which "he might attempt to establish an evidentiary basis for the contentions made" in his aborted appeal.

In *Dawson v. State,* 17 Md. App. 316, 301 A. 2d 214 (1973), the appellant undertook to appeal from the modified sentence imposed pursuant to Maryland Rule 764 b 1 — alleging that it was an illegally increased sentence. The Court of Special Appeals, under the authority of *Wilson v. State, supra,* and *Harris v. State, supra,* held that "[t]he difference [between Rule 764 a and b] is immaterial since both aspects of Maryland Rule 764 represent a 'statutory remedy' " and dismissed the appeal, without prejudice, however, to the appellant to apply for relief under the Post Conviction Procedure Act.

We find the holdings in *Corey v. United States, supra,* to be clearly distinguishable and here inapposite. 18 U.S.C. § 4208 is entitled "Fixing eligibility for parole at time of sentencing," and creates a complete statutory scheme dissimilar to our practice; we have no sentencing procedure such as that provided for by that statute. Moreover, the provisions of § 4208 (b) are peculiarly here inapplicable since a sentence initially imposed thereunder is "for the maximum sentence of imprisonment prescribed by law" and Judge Gerstung, when he sentenced the appellant on October 18, 1973, did not impose the maximum sentence authorized for the offense committed by the appellant.

Rule 35 of the Federal Rules of Criminal Procedure providing for the "Correction or Reduction of Sentence" is virtually identical to the provisions of Maryland Rule 764 a and 764 b 1 (except thereunder the court has a 60 day period within which to act rather than 90 days as under our Rule), but when one undertakes to appeal, after a correction or reduction of his sentence pursuant to that Rule it has been held that such an appeal cannot be used as a vehicle to redetermine issues arising during the trial and cannot be invoked as a substitute for an appeal pursuant to Fed. R. Crim. P. 37 a (2) (providing for the entry of an appeal within

ten days after the entry of judgment); such appeals are limited to whether or not the District judge had abused his discretion in imposing the corrected sentence or in denying a motion to reduce the sentence. *See United States v. Sternman,* 433 F. 2d 913 (6th Cir. 1970); *Funkhouser v. United States,* 260 F. 2d 86 (4th Cir. 1958), *cert. denied,* 358 U. S. 940 (1959). *See also Poole v. United States,* 250 F.2d 396 (D.C. Cir. 1957). *Compare Wilson v. State, supra; Harris v. State, supra;* and *Dawson v. State, supra.*

The history of Maryland Rule 764 b and its predecessors (Maryland Rule 744 b and Rule 10 c Pt. 4 of the General Rules of Practice and Procedure) does not support the interpretation sought by the appellant. As observed in *Pearlman v. State,* 226 Md. 67, 71, 172 A. 2d 395, 397 (1961), before the enactment of Chapter 506 of the Acts of 1892 appeals in criminal cases were entered before the imposition of sentence. *Pearlman,* notwithstanding the provisions then in Maryland Code (1957) Art. 5, § 12 (Ch. 399 of the Acts of 1957), undertaking to grant a right of appeal "from any conviction or sentence," adhered to the tradition of appealability when a judgment has been entered — or from any conviction where sentence has been suspended. Former Rule 10 c Pt. 4 G.R.P.P. provided for the modification of a sentence, within a 90 day period, to ameliorate the harshness of the former practice which held that the jurisdiction of the trial court to modify a sentence expired after the Term in which the judgment had been entered. *See Madison v. State,* 205 Md. 425, 434, 109 A. 2d 96, 100 (1954).

When this Court on January 18, 1972, adopted subsection 2 of Maryland Rule 764 b, it readopted the other sections of the Rule then in effect.[6] This revision was in direct response to a practice which had arisen from time to time on the part of some of the trial judges in the state whereby sentences earlier imposed were being modified at the behest of counsel for the defendant in *ex parte* proceedings conducted in chambers which resulted in merely a direction to the clerks

---

6. Former subsections 2 and 3 were redesignated respectively as subsections 3 and 4.

to issue new commitments under Maryland Rule 763, or orders of suspension of sentence. It was the clear intention of the new subsection that all proceedings leading to a modification or a reduction of sentence be conducted "in open court" and "after notice to the defendant and the State's Attorney.

Although the phrase "a *new* judgment of conviction" may have been imprecise, it is clear from a reading of the section, and its interrelation to Maryland Rule 764 b 1, that it pertains merely to the entry of a "modified" or "reduced" revised judgment and not to the entry of a wholly new judgment.

The meaning of a Rule "does not depend upon the niceties of definition but upon the reasonable intendment of the language used in the light of the purpose to be effectuated," *Brown v. State,* 237 Md. 492, 504, 207 A. 2d 103, 111 (1965), citing *Shub v. Simpson,* 196 Md. 177, 191, 76 A. 2d 332, 337-38 (1950), and *Darnall v. Connor,* 161 Md. 210, 214-16, 155 A. 894, 896-97 (1931); and the Maryland Rules, like statutes, when dealing with the same subject matter will be construed so as to harmonize with each other and not produce an unreasonable result. *See Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 19-20, 174 A. 2d 768, 774 (1961).

Contrary to the holdings in *Corey,* that there was "nothing to indicate that Congress intended that the right of appeal be mandatorily suspended in cases where the provisions of § 4208 (b) are utilized," we find from the history of Maryland Rule 764 and its predecessors, from the object sought to be obtained by the adoption of Maryland Rule 764 b 2, and its harmonization with Maryland Rule 1012, that there was no intent to engraft upon the provisions of Rule 1012, requiring the entry of an appeal "within 30 days from the date of the judgment," an additional period of 90 days within which a defendant has the right to file with the trial court for a modification or reduction of the sentence imposed. To hold otherwise would permit such an appeal even upon the denial of such modification or reduction and would be completely contrary to our holdings in *Wampler v. Warden, supra,* and

the rationale of the holdings in *Colter v. State, supra; Coleman v. State, supra;* and *Harris v. State, supra.* This view is buttressed by the provisions in Maryland Code (1957, 1974 Cum. Supp.) Art. 27, § 645JD, which provides that where an application for review of sentence is made, before a panel of three judges under the Review of Criminal Sentences Act, the application for review of a sentence "shall not in any way affect the time allowed for filing an appeal on the merits of the case. . . ." [7]

As the Supreme Court in *Corey* recognized:

> "In the ordinary criminal case, where the imposition of a sentence follows promptly upon a determination of guilt, no problem arises in the application of these appellate rules or in the effectuation of the policies which they reflect. An appeal may not be taken until after the pronouncement of sentence, and *must be taken promptly after sentence is imposed.*" (Emphasis supplied.) 375 U. S. at 172.

For these reasons we shall affirm the order of the Criminal Court of Baltimore under Maryland Rule 1013 which dismissed the appellant's appeal as not having been timely filed, under Maryland Rule 1012, from the judgment imposed on October 18, 1973.

Collaterally, the appellant, "[a]ssuming, without conceding, that the 'new judgment' language of Rule 764 b 2, has no implications for appeal deadlines," nonetheless contends that to now deny him appellate review would amount to a denial of procedural "due process" since he "reasonably relied upon an ambiguous court rule." His reliance upon *Schaedler v. Warden,* 1 Md. App. 25, 226 A. 2d 684 (1967) and *Lloyd v. Warden,* 229 F. Supp. 364 (D. Md. 1964), in support of this contention is misplaced. *Schaedler* and *Lloyd* respectively involved a clerical error by the clerk in filing an appeal in the wrong case, and in a failure to

---

7. *See* Glass v. State, 24 Md. App. 76, 79, 329 A. 2d 109, 111 (1974), holding that "[t]he right of appeal from the order of a sentence review panel clearly is not within the contemplation of Courts Art. § 12-301."

seasonably docket an appeal upon a letter from the court clerk which was both erroneous and ambiguous, entitling the petitioners to a belated appeal.

The simple and concise answer to this contention is that this Court "will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court"; Maryland Rule 885; see *Brice v. State*, 254 Md. 655, 255 A. 2d 28 (1969); *Rose v. State*, 240 Md. 65, 212 A. 2d 742 (1965); *Kares v. State*, 215 Md. 396, 137 A. 2d 712 (1958); nor can we invade the province of the trial court by making an original factual finding. *See Hartley v. State*, 238 Md. 165, 208 A. 2d 72 (1965). *See also Martin v. State*, 203 Md. 66, 98 A. 2d 8 (1953), where this Court would not pass upon the question concerning the validity of a statute which was not raised in the lower court.

Although we have held that the erroneous advice given by counsel, or any misunderstanding between the defendant and his trial counsel with regard to the entry of an appeal are not in themselves sufficient to order a belated appeal by granting relief under the Post Conviction Procedure Act; *see Lipscomb v. Warden*, 223 Md. 640, 162 A. 2d 447 (1960); *McCoy v. Warden*, 1 Md. App. 108, 227 A. 2d 375 (1967); we have recognized that a petitioner might be entitled to a belated appeal, under some circumstances, as a remedy to insure unto him as full a review as if he had entered an appeal. *See State v. Brown*, 235 Md. 401, 407, 201 A. 2d 852, 855 (1964), *cert. denied*, 379 U. S. 978 (1965). Here the appellant baldly asserts that he "reasonably relied upon an ambiguous court rule" without any record to support the basis for such assertion. In order to properly pass upon such contention there should be evidence concerning what the petitioner may have been told concerning his appeal rights by his trial counsel, or whether he personally intended to, or wished to, enter an appeal, or if he was even aware of the provisions of Maryland Rule 764 b 2. Significantly, it must be noted that at the time of the imposition of sentence on October 18, 1973, he was unmistakably advised by Judge Gerstung that "he has thirty days in which to file an appeal."

44

Since we have held, in *Wilson v. State, supra,* and in *Harris v. State, supra,* and the Court of Special Appeals has held, in *Dawson v. State, supra,* that the provisions of Maryland Rule 764 a and b 1, are each construed to be a "statutory remedy" within the meaning of the Post Conviction Procedure Act, our decision here, affirming the dismissal of his appeal, is without prejudice to the appellant to seek a belated appeal under the Post Conviction Procedure Act in proceedings under which "he might attempt to establish an evidentiary basis for the [secondary] contention made." *See Harris v. State, supra. Compare Wilson v. State, supra.*

> *Order of the Criminal Court of Baltimore dismissing the appellant's appeal under Maryland Rule 1013 affirmed; costs to be paid by the appellant.*