20 A.3d 105

**Paul Andrew TATEM**

v.

**STATE of Maryland.**

**No. 33, Sept. Term, 2010.**

Court of Appeals of Maryland.

May 20, 2011.

Matthew H. Fogelson, Assistant Public Defender (Paul B. DeWolfe, Public Defender, Baltimore, MD), on brief, for Petitioner.

Mary Ann Ince, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for Respondent.

Argued before BELL, C.J. HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

MURPHY, J.

As a result of an agreement reached during a post-conviction proceeding in the Circuit Court for Wicomico County, the Post–Conviction Court granted Paul Andrew Tatem, Petitioner, a "re-sentencing" hearing before the judge who had imposed the sentence from which Petitioner was seeking post-conviction relief. At the request of the Post–Conviction Court, Petitioner's Post–Conviction Counsel submitted a proposed ORDER that the Post–Conviction Court modified by adding the italicized provision set forth below. The modified ORDER, docketed on September 6, 2007, provides:

> Upon consideration of the foregoing Motion to Set Hearing on Modification of sentence filed herein having been read and considered it is this *5th* day of ~~August~~ *Sept,* 2007,
>
> ORDERED by the Circuit Court for Wicomico County, Maryland that this matter be scheduled on the docket for

re-sentencing, *but there is no binding plea agreement before the Court at this time.*

At the re-sentencing hearing, Petitioner and the State requested that the sentencing judge impose the agreed upon sentence, but the sentencing judge rejected that request. After the judgments entered by the sentencing judge were affirmed by the Court of Special Appeals in an unreported opinion,[1] Petitioner filed a petition for writ of certiorari, in which he presented the following questions:

1) If a judge presiding at a post-conviction hearing approves a plea agreement reached by the parties with respect to the sentence the petitioner is to receive at a resentencing, does the approval bind a different judge who presides at the resentencing?

2) Did [the Post–Conviction Court] approve the plea agreement reached by the parties during the post-conviction hearing with respect to the sentence to be imposed at resentencing, thereby binding [the judge] who presided over the resentencing?

3) Is a sentence imposed in violation of a plea agreement an illegal sentence?

4) Where a sentence is imposed in violation of a plea agreement, must the defendant object at the time the sentence if imposed in order to preserve for appellate review the issue of whether the sentence is illegal?

We granted the petition. 414 Md. 330, 995 A.2d 296 (2010). For the reasons that follow, we shall affirm the judgments of the Court of Special Appeals.

## Background

On October 28, 2002, in the Circuit Court for Wicomico County, a jury convicted Petitioner of armed robbery and

---

1. In addition to Petitioner's "direct" appeal from the judgments announced at the re-sentencing hearing, Petitioner also appealed the sentencing judge's denial of his *pro se* motion to correct illegal sentence. Those appeals were consolidated by the Court of Special Appeals.

related offenses. On September 11, 2006, Petitioner filed a *pro se* petition for post-conviction relief, which was supplemented by his Post–Conviction Counsel on January 25, 2007. The following transpired during a May 29, 2007 hearing on that petition:

> [The Prosecutor]: There are allegations of ineffective assistance on several points. Mr. [Tatem] received a total sentence of 25 years in this case. I have discussed with defense counsel, and the defense counsel is aware that the State's original plea offer to the Defendant prior to trial was to recommend an active period of incarceration, if he pled, capped at 12 years. He received a sentence of 25 years after trial, after two trials actually.
>
> The original guidelines I believe were a total of 6 to 12 years, and that was the basis of the State's offer at the time prior to trial.
>
> Given the issues of uncertainty, without having [Petitioner's original trial counsel] available at this point to address issues raised by the Defendant, the State is willing to concede on, I guess, a limited finding of ineffective assistance of counsel. The Defendant would withdraw all other issues, post conviction issues with prejudice. **The State would agree to a modification hearing or a resentencing hearing being scheduled based on the relief granted by the Court, and at that hearing the State would recommend or the State would consent to the Court resentencing the Defendant to a sentence of 25 years, suspend all but 12 years.**

*     *     *

The Court: So what would happen then, I don't know what the Defendant's position is, the State's willing to grant a motion for modification and if the Defendant concedes or accedes impose a sentence of 25 years suspend all but 12.

[The Prosecutor]: That's our agreement that he would—

The Court: And that's what you wish to do, [Petitioner's Post–Conviction Counsel]?

[Petitioner's Post–Conviction Counsel]: That's correct. I've spoken to Mr. Tatem and basically he would just be availing himself of the offer the State made before the second trial, which he was unaware of. And in return we would withdraw with prejudice all the remaining issues in the petition and supplemental.

The Court: And you are Paul Andrew Tatem?

[The Defendant]: Yes, Sir.

The Court: You understand everything that's been said so far?

[The Defendant]: Yes, Sir.

The Court: And you would be willing to withdraw all grounds that you have alleged and your attorney has alleged on post conviction in exchange for the Court's granting you a new hearing on sentencing?

[The Defendant]: Yes, Sir.

The Court: And correct me if I'm wrong again, does that mean he will receive a sentence of 25 years suspend all but 12 years?

\*       \*       \*

[Petitioner's Post–Conviction Counsel]: 12 would be a cap. 25 suspend all but 12 as a cap would be what the State would agree to.

The Court: And that is to take place at a later date.

[Petitioner's Post–Conviction Counsel]: I believe that it would be set in either as a resentencing or a motion for modification before [the judge who imposed the sentences at issue].

[The Prosecutor]: I would think it would be before the original trial judge, would be our preference.

The Court: Both of you better have good notes to remind [the sentencing judge] of this. But I think one of you, it should be you, I guess, [Petitioner's Post–Conviction Counsel], submit an order to the court for me to sign.

The first paragraph of this opinion includes the proposed Order submitted by Petitioner's Post–Conviction Counsel that was modified and filed by the Post–Conviction Court.

The sentencing judge held two "re-sentencing" hearings. The following transpired at Petitioner's first hearing:

[The Prosecutor]: Well, as we discussed the case for, or as I considered the case and we discussed it leading up to the post conviction hearing, frankly my documentation and memory at the point of that was somewhat hazy as to whether I had offered it as a binding cap, it is certainly possible that I offered it as a binding cap to [Petitioner's trial counsel]. [Petitioner's trial counsel] is no longer available to consult with to confirm or deny that. And giving the benefit of the doubt to the Defendant's position, I conceded at the point of the post-conviction that it certainly was possible that I at some point agreed to offer it as a binding plea, which was the 12 years being, was the upper limit of the guidelines that was applicable at the time, so that was how I had calculated the plea offer. And I believe that I would have been satisfied to present it as a binding plea, so I believe that, for purposes of the post-conviction and today's hearing, I will concede that at some point it was a binding plea offer.

The Defendant contended that he had not been adequately communicated that offer, that he might have accepted that offer. Be that as it may, **the State conceded to allow him to be given post-conviction, consented for him to be given post-conviction relief to the extent of having the resentencing reconsideration and a resentencing hearing, and that's why we are here today.**

\* \* \*

The Court: All right. Well, the posture of the case then, if I'm correct, and please correct me if I'm wrong, would be that apparently there is an agreement between the State and Defense as part of post-conviction relief to present a binding plea to this member of the bench, who was the sentencing judge, and she would be free to hear all the

evidence and testimony at a sentencing hearing, anything presented by the State as to why I should agree to be bound, anything presented by the defense as to why I should agree to be bound, and I am able to reject or accept the binding plea. If I don't accept the binding plea, then he gets to withdraw his plea and we go to trial again, for the third time. If I accept the binding plea, then I must impose the capped amount of 25 years or less.

[The Prosecutor]: We were discussing that prior to, I'm not sure that either of us would agree that his relief at this point would be an immediate granting of a new trial. **The relief granted at the post-conviction hearing was to be given a belated sentencing reconsideration.** I'm not sure that translates, if the Court does not, you know, agree to the recommended sentence I'm not sure that I would agree at this point that—that would translate into a new trial, that's something that would have to be determined later.

*　　*　　*

The Court: Well I suppose that for the purposes of advising the Defendant of his options we should have an understanding, the Court should have an understanding of the repercussions should I reject the agreement, because if I reject the agreement and the effect is that his sentence remains the same, that obviously would influence the State and defense. If on the other hand, and I think whether there is an agreement or not I would have to make a ruling on that so that if the State can't retry the case and that would be the effect of my rejecting the plea, then there might be some additional considerations that I would give.

**If, on the other hand, my sentence would remain the same, that would obviously affect the determination ultimately of whether or not I should agree to be bound.**

[The Prosecutor]: **I think at least that a rejection by the Court would allow him to probably have a new post-conviction hearing,** I would agree to that but . . .

*　　*　　*

The Court: All right. Well, I understand that Mr. Tatem wants to go forward at this time. And I'm happy to allow him to go forward at this time, but I think that we need to determine, at least I as the sentencing judge, need to make my own initial determination of whatever information you would like to present as to the effect of a rejection of the binding plea.

This case went to trial, and there was a conviction. And I sentenced him as I thought appropriate at the time. Now, I'm being asked to modify my sentence, and I would obviously give very strong consideration to anything the State and defense presented to me as to why I should do that. But you're asking me to change the outcome. And one consideration that the Court is going to take into account is what the effect of that would be upon the ultimate sentence that the Defendant is serving.

**So, you may be ready to go forward. I can hear anything you want to present, Counsel, today, I'd be happy to do that, but I'm not necessarily in a position to rule without having done some research as to the effect of a denial under these circumstances.**

**And I realize Collateral Review handled the post-conviction portion of it, then gave the trial attorneys the right to file a motion for modification of sentence, but do you all understand what I'm saying here?**

[Petitioner's Modification Hearing Counsel]: I understand.
[The Prosecutor]: I understand.

The Court: And we can go forward and then I will make a legal decision, and I'll file a written opinion as to why I accept or reject the binding plea. I don't think I have to do that on the record today. But I do think that—that I will do that before I make any further rulings. I will want to know, and I would very much be interested to hear the State and defense's position regarding that.

[Petitioner's Modification Hearing Counsel]: Your Honor, may we pass this momentarily so I can discuss it with my client?

The Court: Certainly, Do you understand this Mr. Tatem?

[The Defendant]: Yes, I understand.

(Emphasis supplied).

The following transpired at Petitioner's second hearing:

[Prosecutor]: When we were last here, the Court was struggling with the question of, if we were presenting this as a binding agreement on resentencing, what the Court's recourse would be if the Court could not accept the binding nature. **It is my understanding from talking to [Petitioner's Modification Hearing Counsel] this morning that Mr. Tatem is willing to proceed with the State making the recommendation but without it being in the nature of a binding agreement.**

The Court: All right. So we are just going to start from sentencing, he's—

[Prosecutor]: Yes, we're here for sentencing.

The Court: I'm going to need to hear the statement of facts and the whole nine yards from beginning to end, although he has been found guilty, the finding of guilt has not been stricken, right?

[Prosecutor]: That's right.

The Court: So perhaps we can begin with, you're going to have to refresh my recollection. I remembered having difficulty with the Court having been ordered to accept a binding plea from another judge. That was problematic for me, because that was relief that apparently was conceived of in a post-conviction hearing in front of another judge.

[Prosecutor]: **Right. And I'm not sure that that other judge really was considering it to be a binding agreement that would bind you, and I don't think he did but—**

[Petitioner's Modification Hearing Counsel]: **As a matter of fact, I think he specifically on in [sic] his order said, wrote that, that it is not.**

\*      \*      \*

The Court: Frankly, notwithstanding the State's recommendation, I'm not persuaded to change my sentence. I did

not treat him unfairly the first time. I am not persuaded that if he had pled guilty I would have treated him differently. I accept that this is basically the equivalent as if he came in and admitted his guilt, because that's what would have happened if it had been a guilty plea before me. And I'm taking into consideration the State's recommendation. I always do. I value the State's recommendation. But as I said, this is not a binding plea. I may have treated him harshly. **Counsel, did I indicate to either of you that I was going to be willing to accept this sentence, in any way, at any point?**

**[Prosecutor]: I don't believe so.**

**The Court: Did I ever say I'd be willing to go along with this? I don't think so, right?**

**[Petitioner's Modification Hearing Counsel]: I don't think the Court tipped its hand one way or the other.**

The Court: I routinely don't. What I normally will say is, okay, you know, I will reserve the right to hear everything that's presented to me in mitigation and either go forward or not according to the recommendation of the State. But I still believe that under count one, ten years was an appropriate sentence for armed robbery. That under count five, ten years consecutive for first degree assault of a separate person, consecutive to count one, was an appropriate sentence. Under count ten, five years mandatory minimum sentence consecutive to counts one and five is appropriate for use of a handgun in the commission of a felony.

So, that is my sentence. The remaining counts either merge or have been vacated by operation of law.

(Emphasis supplied).

The opinion of the Court of Special Appeals includes the following analysis:

Appellant argues that the agreement between the parties was binding upon the resentencing judge, as it was accepted by the post-conviction judge. What appellant appears to misunderstand, however, is the exact nature of the agree-

ment made between the parties at the post-conviction hearing.

The parties did not agree to a specific sentence, *per se*, as post-conviction relief. Instead, the State agreed *"to a modification hearing or a resentencing hearing being scheduled* based on the relief granted by the Court, and at that hearing the State would *recommend* or the State would *consent* to the Court resentencing the Defendant to a sentence of 25 years, suspend all but 12 years." (Emphasis added). The agreement was thus simply the allowance of a belated resentencing hearing, with the State consenting to a cap of 12 years, in exchange for appellant waiving his other post-conviction claims. The post-conviction judge did not, nor could he, require the resentencing judge to accept the proposed resentence.

The post-conviction judge questioned appellant on his understanding of the agreement and asked, "And you would be willing to withdraw all grounds that you have alleged and your attorney has alleged on post conviction *in exchange for the Court's granting you a new hearing on sentencing?"* (Emphasis added). Thereafter, although the post-conviction judge said, "Correct me if I'm wrong again, does that mean he will receive a sentence of 25 years suspend all but 12 years?," in our view, he was merely acknowledging his understanding of what would occur if all went according to plan at the resentencing hearing. He in no way bound or intended to bind the resentencing judge to that ruling.

Indeed, in signing the order to set the matter in for resentencing, the postconviction judge specifically added his handwritten notation to the draft order submitted by the defense, "but there is no binding plea agreement before the Court at this time." Although appellant could have immediately applied for leave to appeal the postconviction judge's order, he did not do so. He was thus on notice that the resentencing judge was under no obligation to accept the agreement between the parties. Appellant conceded as much at the resentencing hearing on January 11, 2008. At the start of the hearing, after the resentencing judge had

indicated her reluctance to be bound by an agreement made before the post-conviction judge, the prosecutor specifically stated, "It is my understanding from talking to [ ] [defense counsel] this morning that Mr. Tatem is willing to proceed with the State making the recommendation but without it being in the nature of a binding agreement." The defense did not demur to the prosecutor's statement, and it serves as another example of appellant's knowledge that the sentencing judge would not, in fact, be bound by any agreement between the parties.

The mere fact that the parties came to an agreement did not bind the sentencing judge to acceptance of that agreement. The judge gave careful consideration to the agreement contemplated by the parties, but based on appellant's record and the crimes he perpetrated, she believed her original sentence to be just. The sentence as reimposed by the trial judge was inherently legal, within her discretion, and not impeded by any agreement between the parties to the contrary. Appellant received exactly that for which he bargained at the post-conviction hearing, a belated resentencing hearing.

*Tatem v. State*, Nos. 2698, September Term, 2007 & 2985, September Term, 2008 (consolidated) unreported opinion filed on January 14, 2010, pp. 12–14.

### Discussion

Maryland Rule 4–345(a) provides that "[t]he court may correct an illegal sentence at any time." In *Cuffley v. State*, 416 Md. 568, 7 A.3d 557 (2010), this Court held that when a court has breached a plea agreement by imposing a sentence that exceeded the sentence for which the defendant bargained and upon which the defendant relied in pleading guilty, that sentence is "illegal." *Id.* at 586, 7 A.3d at 567. We therefore answer "yes" to Petitioner's third question, answer "no" to Petitioner's fourth question, and hold that Petitioner did not waive his "illegal sentence" argument by failing to make that argument before the re-sentencing hearing concluded. We also hold, however, that there is no merit

in the argument that an illegal sentence was imposed at the re-sentencing hearing.

■ We hold that, when a postconviction court grants the defendant the right to file a belated motion for modification of sentence, unless the judge who imposed that sentence is unavailable to decide the motion, the motion for modification must be presented to the judge who imposed the sentence.[2] Although the Post–Conviction Court certainly had the authority to (1) vacate the sentences imposed by the sentencing judge, (2) preside at a "new" sentencing hearing, and (3) proceed to impose the sentence for which Petitioner had bargained, the above quoted portions of the record make it clear that the Post–Conviction Court granted Petitioner only the right to a "belated" motion for modification of sentence hearing before the judge who imposed the original sentences.

As a result of the agreement reached during the post-conviction proceeding, Petitioner acquired an enforceable right to a "re-sentencing" hearing before the sentencing judge, as well as to a joint submission of that agreement to the sentencing judge. Petitioner did not, however, acquire an enforceable right to the recommended sentence. As the above quoted portions of the record also make clear, no reasonable person in Petitioner's position would be confused about (1) the limited relief granted by the Post–Conviction Court, or (2) whether the sentencing judge ever indicated that she would agree to modify any of the sentences that she had previously imposed. Under these circumstances, while we express no opinion on

---

**2.** Although Md. Rule 4–345(e) does not expressly provide that a motion for modification must be presented to and decided by the judge who imposed the sentence at issue, as noted by this Court in *Johnson v. State*, 274 Md. 29, 333 A.2d 37 (1975), the "Reduction of Sentence" provisions in the Maryland Rules are "virtually identical" to the provisions then contained in Rule 35 of the Federal Rules of Criminal Procedure. *Id.* at 39, 333 A.2d at 42. "Federal case law clearly indicates that, under Rule 35, motions to correct or reduce a sentence are to be heard by the court that rendered the original judgment and sentence. *See* Wright, Federal Practice & Procedure: Criminal (Second) § 582 (1982)." *State v. Beam*, 115 Idaho 208, 766 P.2d 678, 684 n. 3 (1988).

the issue of whether Petitioner may be entitled to other post-conviction relief, we hold that the sentences imposed at Petitioner's re-sentencing hearing are not "illegal" under Md. Rule 4–345(a).

**JUDGMENTS OF THE COURT OF SPECIAL APPEALS AFFIRMED; PETITIONER TO PAY THE COSTS.**